STATE, *ex rel.* JULIA M. PALMER, *et vir.,* v. H. F. ATKINSON, Circuit Judge.

156 So. 726.

En Banc.

Opinion Filed August 8, 1934.

Petition for Rehearing Denied Sept. 11, 1934.

*Marion E. Sibley,* for Relator;
*H. F. Atkinson,* in pro. per., for Respondent.

DAVIS, C. J.—The respondent, H. F. Atkinson, is one of

the duly elected, qualified and acting Circuit Judges of the Eleventh Judicial Circuit of Florida, embracing Dade County. There are three other judges in that circuit who have powers and jurisdiction equal and equivalent to that of the respondent as a Circuit Judge of the Eleventh Judicial Circuit.

The object of the present proceeding in mandamus is to coerce the respondent as one of the Circuit Judges of the Eleventh Circuit, to proceed with hearings concerning, and to rule upon, a motion for appointment of a receiver in the case of Julia M. Palmer and T. W. Palmer as complainants, against divers defendants, including The First National Bank of Miami, a national banking corporation, pending before Judge Atkinson. Respondent has declined to act in the case.

The reasons given by Judge Atkinson for his refusal to make rulings in the case presented to and pending before him in the chancery cause referred to, are best presented by quoting from the alternative writ of mandamus that portion thereof dealing with the reasons of Judge Atkinson for refusing to act. The reasons, which Judge Atkinson by his return filed thereto, confesses to be true, are as follows:

"After full argument of counsel representing the respective parties, the Honorable H. F. Atkinson, Judge of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, as aforesaid, to whom said cause had been submitted, thereupon announced that before ruling upon said motion for the appointment of a receiver and upon said motion to dismiss the bill of complaint he wished to make a statement, and thereupon, stated that in the latter part of the year 1929 or the early part of 1930, one A. J. Rose, Esq., who at that time was the attorney for the First National Bank of Miami, had advised the Honorable H. F. Atkinson, who at that time, as now, was duly appointed and

acting Circuit Judge of the Eleventh Judicial Circuit, in and for Dade County, Florida, that the Board of Directors of the First National Bank of Miami, Florida, objected to the Honorable H. F. Atkinson passing upon any matters in any cause in which the said First National Bank of Miami, Florida, appeared as a party therein, and that rather than disqualify him in any cause in which the First National Bank of Miami, Florida, was interested as a party litigant they requested him not to render any orders in any such causes, and in pursuance of said statement of the said A. J. Rose, Esq., the Honorable H. F. Atkinson stated that he had agreed not to act in any cause in which the First National Bank of Miami, Florida, was an interested party and had given his word to such effect, and that in view of the fact that the First National Bank of Miami, Florida, was resisting the appointment of a receiver in said cause he would not rule therein unless the First National Bank of Miami, Florida, would release him from his agreement. In reply to such statement, Sidney Quick, Esq., solicitor for the First National Bank of Miami, Florida, stated that he was not advised of any such agreement; that the Bank had not informed him of any such agreement, and that he could not speak for the Bank at that time, but that he would ascertain the will of the Bank in reference to said agreement and would advise the Court thereof.

"Thereafter, on Tuesday, July 17th, 1934, the First National Bank of Miami, Florida, by and through its solicitor, Sidney Quick, Esq., of the law firm of Shutts & Bowen, advised the Honorable H. F. Atkinson, Circuit Judge, that the Bank would not release the Judge from his agreement and insisted that he should refuse to act in said cause.

"The complainant in said cause, Julia M. Palmer, joined by her husband, T. W. Palmer, by a letter of her attorney, insisted that the Court rule in said cause unless the First

National Bank of Miami, Florida, disqualify the Honorable H. F. Atkinson as Judge as provided by the rules of Court and the statutes of this State in such cases made and provided.

"Thereafter, the Honorable H. F. Atkinson, Judge of the Circuit Court of the Eleventh Judicial Circuit, as aforesaid, notified the solicitor for the complainant that he would not rule in said cause upon the application for the appointment of receiver predicated upon the sworn bill of complaint filed therein as aforesaid or the motion to dismiss the Bill of Complaint as aforesaid, because the First National Bank of Miami, Florida, refused to release him from his said agreement and thereafter the said Judge returned the file in said cause to the office of the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County Florida, without ruling in said cause and still refuses for the reasons herein stated to rule in said cause or to further assume jurisdiction therein or perform the duties of his office as required by law."

It cannot be denied that Judge Atkinson has jurisdiction to rule in the case referred to. Nor does it appear that any of the causes assigned by him for refusing to act in the premises amount to a showing that said Judge is either disqualified or legally incompetent to rule in the pending case by making a judicial decision of the controversy presented to him.

It is the duty of a Circuit Judge who is eligible and competent to sit in a cause, to exercise his judicial functions therein and to make all necessary orders and decrees pertaining thereto, regardless of his personal embarrassment, or his feelings of delicacy or other considerations, where same do not amount to a legal disqualification to sit and render judgment in the cause.

And mandamus will lie to compel a qualified judge to pro-

ceed with the determination of any cause properly brought before him, wherein no legal impediment to his judicially acting in such cause is made to appear in preclusion of judicial action. Trustees Internal Imp. Fund v. Bailey, 10 Fla. 213; Towle v. State, 3 Fla. 202; State v. King, 32 Fla. 416, 13 Sou. Rep. 891; Anderson v. Brown, 6 Fla. 299; State v. Young, 31 Fla. 594, 12 Sou. Rep. 673, 19 L. R. A 636, 34 Am. St. Rep. 41; State v. Wolfe, 63 Fla. 290, 58 Sou. Rep. 841.

But it is of no concern to a judge to preside in any particular case, nor is it any proper concern of any of the parties to the cause to have him so preside, where no serious detriment to the administration of justice, nor any inconvenience worthy of mention will ensue to the litigants from the declination of the particular judge to act in the particular case. See Berger v. United States, 255 U. S. 22 (text p. 35), 41 Sup. Ct. Rep. 230, 65 L. Ed. 481.

By his return to the alternative writ in the controversy now before us, the respondent Circuit Judge admits that he has refused to make rulings in the case pending before him and that he so refuses, not because he is legally disqualified, but because of the facts and circumstances heretofore adverted to in our quotation from the confessed allegations of the alternative writ. But respondent Judge likewise sets up in his return that he "has offered to sign an order transferring said cause to either of the three Circuit Judges of the Circuit Court of the Eleventh Judicial Circuit of Florida, that may be willing to hear and determine the same."

This Court judicially knows that there are three other judges of the Circuit Court of equal jurisdiction to Judge Atkinson, and that if said other Circuit Judges are not disqualified in the pending cause, that a transfer of the cause in controversy to them by Judge Atkinson would be legal procedure. Pope v. State, 84 Fla. 428, 94 Sou. Rep. 865.

While no legal cause is shown by Judge Atkinson for his refusal to rule in the pending case, which is the occasion for relator's seeking the relief asked for in this proceeding, the fact remains that there are three other Circuit Judges in Dade County, who are not shown to be disqualified to act in this particular matter, and to whom Judge Atkinson has expressed his willingness to transfer the cause for hearing and determination.

Furthermore, Judge Atkinson is senior in commission to the other Circuit Judges of the Eleventh Judicial Circuit—a fact of which we take judicial notice from the date appearing in the forepages of our official reports. Therefore, as the Circuit Judge of the Eleventh Judicial Circuit "holding the commission earliest in date" of any of the other Judges of the same Circuit, Judge Atkinson is entitled under Section 43 of Article V of the Constitution, as amended in 1922, to allot and assign any pending matters and cases to be heard by the other Circuit Judges of Dade County, regardless of the legal soundness of the reasons given by Judge Atkinson for his refusal to act in relator's case now pending before him in the Circuit Court of Dade County.

So there is no real necessity for the award of a mandamus against Judge Atkinson as prayed, merely because he is about to do that which he is entitled to do under the terms of the Constitution itself in the course of making an allotment and assignment of cases to be "heard, decided, ordered, tried, decreed or adjudged" by the Circuit Court of Dade County.

If the present case were pending in a Circuit Court wherein there was only one qualified resident Circuit Judge, mandamus would have to issue, because the grounds asserted for the refusal of the judge to act are not sufficient in law to legally disqualify him in the premises. But where it clearly appears that notwithstanding the refusal of one

qualified Circuit Judge to act in a cause pending in a Circuit Court having more than one duly qualified and acting resident Judge, there are other Circuit Judges of the same Circuit present and available, to whom the controversy can be presented for decision, mandamus to compel judicial action by a particular judge may, and should be, denied, on the ground that no real necessity for the issuance of a peremptory writ is made to appear.

The writ of mandamus supplies the want of a legal remedy for the situation complained of by the relator. It is applicable where the law affords no adequate or specific remedy to secure the performance of the duty it is sought to coerce. Leatherman v. Schwab, 98 Fla. 885, 124 Sou. Rep. 459.

No litigant is entitled to more than the cold neutrality of an impartial judge of his cause. So where it appears from the admissions in the pleadings that a relator in mandamus, seeking to coerce a particular Circuit Judge to hear and determine his case, has other Circuit Judges as conveniently at hand and equally qualified and able to act in his cause if applied to, as would be the respondent Circuit Judge if a peremptory writ should issue against him, a peremptory writ of mandamus to coerce action by the particular respondent judge will be denied, especially where it is not made to appear that the relator will be deprived of any substantial legal right, nor caused to suffer any particular inconvenience, should his case be transferred by authority of law to another available and qualified Circuit Judge resident of the same Circuit, sitting in the same county.

Peremptory writ of mandamus denied and proceeding dismissed.

WHITFIELD, BROWN and BUFORD, J. J., concur.

ON PETITION FOR REHEARING.

DAVIS, C. J.—By a petition for rehearing filed by relators, it is suggested that the Court has overlooked certain material considerations that should result in a different conclusion from that reached by this Court in its opinion herein filed August 6th, 1934, wherein we held that the motion of relators for a peremptory writ of mandamus should be denied and the present proceeding dismissed.

Relators assert that the real question, and the only question, presented for our decision in this instance is whether or not a circuit judge should be permitted to inconvenience and embarrass litigants, and delay the administration of justice, by transferring a cause from the division over which he presides to another division of the same court after two full days of hearings in said cause, and after full argument of counsel, when there are no grounds, or just cause, for the judge's disqualification?

At the outset of this discussion of relators' petition for a rehearing, it would not be amiss to point out that in our first consideration of this matter, we did not consider that any such question as that just stated, was required to be decided in the present litigation. The alternative writ of mandamus neither alleges in positive terms, nor shows by any fair inference from what is alleged, that the respondent circuit judge's refusal to make a ruling in the chancery cause in which he has refused to further act, is calculated or intended to embarrass the realtors, or to work any undue inconvenience to them. Nor is it shown by the writ that any such undue delay in the administration of justice will be the result, as would require the Supreme Court, in the exercise of its superogatory powers over a subordinate tribunal, to deal with the respondent judge as a defaulter in the performance of his inescapable judicial duties, by issuing a peremptory writ of mandamus against him to require him

to rule in a case wherein he has indicated that there are reasons personal to himself which suggest his recusation in order to avoid the likelihood of that unseemly controversy, which is always present, when formal proceedings to disqualify judges on the ground of prejudice are filed against them by litigants, whether well founded or not in law or fact.

The Supreme Court of the United States has pointed out that occasions sometimes occur where, although the particular judge called upon to decide a matter is not legally disqualified to act, he may, without flinching from his duty in the premises, properly ask that one of his fellow judges, equally qualified to act, take his place and preside in his stead, where there are circumstances surrounding his sitting in the case, that suggest the judge's retirement in order to avoid an attack upon the judge as being biased or prejudiced in the event he should act. Cooke v. United States, 267 U. S. 517, 45 Sup. Ct. 390, 69 L. Ed. 767. The noteworthy exception to this rule, which we approve in this jurisdiction, is that even though embarrassment or unseemly criticism may ensue should the judge act, no judge should retire from a case (unless actually disqualified) where the judge is apprised of any attempt to drive him out of the case for ulterior purposes, such as delay, etc. See Cooke v. United States, *supra.*

The right to the extraordinary writ of mandamus in cases where it is sought to coerce public officials in the performance of their public duties must be grounded upon something more than a mere duty on the part of the respondent officer. The relator must have a clear legal right to the enforcement of the officer's duty. And there must exist no plain, complete and adequate method of redress other than mandamus directed to the delinquent officer. Davis, Attorney General, v. Crawford, 95 Fla. 438, 116 Sou. Rep. 41.

On the first consideration of this case this Court did not hold that the respondent Judge Atkinson was actually bound by the agreement alleged to have been made by him to the effect that he would habitually decline to act in any case wherein the First National Bank of Miami should happen to be a party. Nor do we consider that agreement as having any future efficacy, force or effect whatsoever as either a legal or a moral obligation on the part of the judge who is said to have made it. On the contrary, the *precis* of our holding is simply this: that a litigant in a county having more than one available resident circuit judge qualified to act in a chancery case, is not entitled to mandamus to compel a particular judge to decide his case, even where there is a duty on the part of the respondent circuit judge to retain jurisdiction and make his decision after having once assumed control of the cause by entering upon a hearing of it, in the absence of some showing of special inconvenience or embarrassment to the relator, other than the mere necessity of representing the case before another judge equally available and qualified to hear it—the requirement, in mandamus being that relator must show a real necessity for the writ to issue, in order to prevent the deprivation of some legal right of his that would otherwise be lost to him if the writ were denied.

All that relator can lose in the present controversy is the benefit of a ruling by Judge Atkinson instead of some other judge of equal jurisdiction to whom Judge Atkinson has indicated his desire and willingness to refer it for reasons personal to himself. We must presume that the respondent Circuit Judge is acting in good faith in taking the position that he does, as disclosed by his return to the alternative writ; that his refusal to retain his jurisdiction to rule in the case in which relator is a party at interest, is neither arbitrary, capricious, nor done for the purpose of hindering,

embarrassing or delaying the administration of justice in the consideration of the matters in issue in the pending cause. Furthermore, and in addition to all that has been said, we have held that, as the senior judge of the Eleventh Judicial Circuit of Florida, Judge Atkinson has the constitutional right under Section 43 of Article V of the Constitution, irrespective of any local rule of court, to make an assignment of the pending case to any other judge of the same circuit qualified to act. This, it appears, he has indicated his intention of doing as a means of affording relators an appropriate hearing. Rules of court providing for an orderly division of the work amongst several judges of one and the same circuit, must be construed and applied in the light of the Constitution, which in effect makes the senior Circuit Judge of a circuit having more than one judge, the controlling and directing head of the Circuit Court of that circuit.

As we have had occasion to heretofore decide, there is but one Circuit Court in Dade County, although there are several individual judges thereof. Each is qualified to sit as judge of the Circuit Court and to entertain jurisdiction in particular causes when the papers therein are assigned to him pursuant to rule or dominant authority, and are actually before the judge when he assumes to act. State v. Freeland, 103 Fla. 663, 138 Sou. Rep. 27. The course pursued by Judge Atkinson, the respondent in this case, does not appear to unduly burden, defeat or delay a decision of realtor's case by the Circuit Court of Dade County. Such right to a reasonably prompt decision is the only absolute and unqualified right realtors have shown themselves entitled to have accorded to them with respect to the pending legislation that gave rise to this mandamus proceeding.

We feel impelled to adhere to our former conclusion and deny the petition for rehearing.

378

Whitfield, Ellis, Terrell, Brown and Buford, J. J.,
concur.