STATE, *ex rel.* C. L. FULLER and GEORGE B. SAILOR v. GEORGE WILLIAM JACKSON, Circuit Judge of the Seventh Judicial Circuit in and for the State.

174 So. 471.

Division A.

Opinion Filed May 19, 1937.

*W. Theo. Woodward,* for Relators;

*M. L. Stephens,* for Respondent.

. BUFORD, J.—This is an original proceeding in mandamus wherein it is sought to coerce the Honorable George William Jackson as Judge of the Seventh Judicial Circuit of Florida to proceed to pass upon and decide certain pleadings mentioned in the alternative writ and to render his decision and order thereon without delay.

The relators filed suit in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, against Northern Assurance Company, Ltd. The declaration was in three counts. To the declaration pleadings were filed and were brought on before the Honorable George William Jackson who was then acting as Judge *pro haec vice* of the Seventh Judicial Circuit. After hearing, Judge Jackson overruled the attacks on the declaration and held it sufficient. Then the defendant filed numerous pleas to the declaration. Before further steps were taken in the pleadings one of the plaintiffs by the surviving plaintiffs filed suggestion of death with motion of substitution of a party who had purchased all the right, title and interest of the deceased plaintiff. Motion was called up before Judge Jackson and was heard after notice and motion was granted.

Thereafter, Northern Assurance Company, Ltd., filed a motion which was brought on before Judge Jackson for hearing to be granted leave to further attack the declaration. The motion was denied. Demurrer to the pleas was entered and sustained by Judge Jackson. Defendant was ordered to file new and additional pleas, which was done. Plaintiff joined issue on four of the pleas and moved to strike the remainder of them. After some delay, the motion to strike was set down for hearing but before same was heard Judge Jackson directed counsel to submit the mat-

ter to Judge H. B. Frederick, the resident Judge of Volusia County, Florida.

While the suit was pending the territorial jurisdiction of the Seventh Judicial Circuit had been extended to include St. Johns County and Judge Jackson had become the Senior Judge of the Seventh Circuit, with Judge H. B. Frederick as the Junior Judge of said Circuit.

The alternative writ alleges:

"That the Honorable George William Jackson is the only Judge qualified to hear and determine said pleadings, because the issues raised by the defendant a second time have been previously heard and determined by said Judge, to-wit, the overruling of the objections to the declaration and holding same sufficient, as mentioned aforesaid, granting the motion for substitution, as mentioned aforesaid, and denying defendant's motion for leave to attack the declaration a second time, as mentioned aforesaid.

"That the said George William Jackson is the duly qualified and acting resident Judge of said Seventh Judicial Circuit of Florida, and is not absent from said Circuit, and is not in anywise disqualified in this action, mentioned aforesaid, now pending in the Circuit Court of Volusia County, Florida, and can properly proceed to hear, try and determine the same upon the pleadings set down for hearing, as mentioned aforesaid, on the postponed date, to-wit, the 18th day of September, A. D. 1936.

"9. That it was the duty of the respondent, George William Jackson, as Judge of the Circuit Court of the Seventh Judicial Circuit of the State of Florida, to proceed to hear, try and determine said pleadings aforesaid on the 18th day of September, A. D. 1936, as fixed by said Judge, and to make and enter an order in accordance with his determination and decision on same; that notwithstand-

ing it was the duty of the said Judge to proceed to hear and determine the sufficiency of said pleadings, and to make an order thereon, said Judge, though not disqualified, did then and there decline to hear and determine such pleadings, and still refuses to hear and determine said pleadings, for the sole and only reason, as mentioned in the telegram set out aforesaid, that the associate resident Judge has returned to the Circuit."

Motion to quash and answer to alternative writ was filed. Amongst other things, the answer to the alternative writ alleges:

"6. Answering paragraph 6, the respondent admits that on July 17, 1936, plaintiffs in said suit gave notice of hearing and that on the date fixed said hearing was postponed by reason of the respondent's ill health as alleged, and further answering says that this also occurred during the absence from the Circuit of said Honorable H. B. Frederick, the only other Judge of said Circuit. Further answering said paragraph the respondent alleges that after the return on September 7th, 1936, to the Circuit of Judge Frederick he, the respondent, declined to act in said case as alleged in said paragraph. Further answering said paragraph, the respondent alleges that he is senior in appointment and confirmation to the only other Judge of said Seventh Judicial Circuit and is the presiding Judge of said Circuit for administrative purposes; that said case was on the 17th day of September, 1936, duly allotted and assigned by the respondent presiding Judge of said Circuit to the said Judge Frederick who was then, is now and has ever since been present, available and qualified to settle the pleadings and preside over the trial of said case.

"7. Answering paragraph 7, the respondent emphatically denies that he is the only Judge qualified to hear and

determine said pleadings. . Further answering said paragraph the respondent alleges that he is one of the duly qualified and acting Circuit Judges of the Seventh Judicial Circuit of Florida, embracing St. Johns, Volusia, Flagler and Putnam Counties, and resides at St. Augustine in said St. Johns County, Florida; that there is only one other Judge in said Circuit, to-wit Honorable H. B. Frederick, who resides at Daytona Beach in said Volusia County, Florida, that said Circuit Judge Frederick has powers and jurisdiction equal and equivalent to that of the respondent as a Circuit Judge of the Seventh Judicial Circuit. Further answering said paragraph the respondent alleges that Judge Frederick has heard and considered certain· attacks upon the legal sufficiency of the pleadings in the case referred to in said writ.

"8. Answering paragraph 8, the respondent admits that he has jurisdiction to rule in the case referred to in said writ, and further admits that he is not legally disqualified, but alleges that he has refused to make rulings in said case as alleged for the reasons herein stated and set forth.

"9. Answering paragraph 9, of said writ, the respondent alleges that the suit described in said writ was instituted and is pending in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, State of Florida, where said Circuit Judge H. B. Frederick resides, same being the county where one of the Judges of said Circuit is required by law to reside; that counsel for the parties to said suit also reside in said Volusia County, and respondent is informed and believes that the parties to said suit also reside in said Volusia County.

"Further answering the respondent alleges and shows unto the Court that the said Judges of said Seventh Judicial Circuit have provided by local rule for the distribu-

tion of the work of such Court to the Judges thereof, whereby, among other things, all trial work in Volusia County, Florida, shall be handled by said Judge Frederick, the only resident Judge in said County, except when he is absent from said Circuit or·is disqualified, and further that the pleadings in such cases shall be settled by such trial Judge."

It is not shown anywhere in the pleadings that Judge Frederick who is the resident Circuit Judge of Volusia County where the suit is pending is disqualified or for any other reason unable to act as Judge in the proceedings involved. Rule 2 of the rules adopted by the Supreme Court of Florida in its amendment and revision of common law rules for government of trial courts in common law cases adopted during January Term, 1936, provides:

"Presiding Judge.—When there be more than one Judge of a trial court, the Judge longest in continuous service and able to act shall be the presiding Judge for administrative purposes, and the Judges of such Court may provide by local rule for the distribution of the work of such court to the Judges thereof." See 122 Fla. 883.

Section 43, Article V of the Constitution contains the following provision: "Wherever there are two or more Circuit Judges appointed for a Circuit the business may be divided among the Circuit Judges having jurisdiction in the Circuit and in any County in the Circuit as may be prescribed by law, and where no provision has been made by law, the distribution of the business of the Circuit between the Circuit Judges of the Circuit and of any County in the Circuit, and the allotment or assignment of matters and cases to be heard, decided, ordered, tried, decreed or adjudged, shall be controlled or made when necessary by the Circuit Judge holding the commission earliest in date."

There is a motion before us to grant the peremptory writ, notwithstanding the answer, and also motion to quash the alternative writ.

It is contended by the relators not that Judge Frederick is disqualified but that the relators will be inconvenienced because as they apprehend Judge Frederick's views as to the sufficiency of the pleadings is not in accord with the views and holdings of Judge Jackson in that regard heretofore rendered. It is possible that either Judge Jackson or Judge Frederick might commit error in ruling upon the sufficiency of pleadings, but such erroneous ruling would not constitute a disqualification. If Judge Jackson had retired from the judgeship of the Seventh Judicial Circuit there could be no logical contention that Judge Frederick is disqualified to proceed with the settlement of pleadings and hearing of the case. It may be that the Supreme Court has inherent power to supervise the action of Circuit Courts and in the exercise of that power where a controversy existed between two Judges of a Circuit as to which should proceed with the disposition of a pending cause, the Supreme Court could in appropriate proceedings direct one or the other of the Judges to proceed in the matter, but the Court should not exercise such power merely to satisfy a litigant to bring his case before a certain Judge and as long as there are two Judges both qualified to hear and determine the case and the senior Judge acting under the provisions of Rule 2, *supra,* and Section 43, Article V of the Constitution, has directed that case to proceed before the other Judge, there can be no logical reason for the interference of this Court.

The result in this case must be ruled by the opinion and judgment in the case of State, *ex rel.* Palmer; v. Atkinson, Circuit Judge, 116 Fla. 366, 156 Sou. 726, 730. No good

purpose could be served by attempting to add here to what was said by Mr. Chief Justice Davis in that case.

The answer is held sufficient and as there are no controverted facts involved, the alternative writ should be quashed and the cause dismissed.

It is so ordered.

Ellis, C. J., and Terrell, J., concur.

Brown and Davis, J. J., concur in the opinion and judgment.