STATE *ex rel.* DR. A. H. WEATHERS, v. J. C. DAVIS, *et al., etc.*

196 So. 487
En Banc.
Opinion Filed May 28, 1940

*DeHoff & DeHoff,* for Relator;

*John W. Prunty,* for Respondents.

BUFORD, J.—This cause is before us on motion for peremptory writ of mandamus pursuant to alternative writ of mandamus heretofore issued.

A demurrer to the alternative writ is on file undisposed of.

It appears from the allegations of the alternative writ that the Relator was confined in Federal Prison in Atlanta, Georgia, pursuant to conviction under the Harrison Anti-Narcotic Act. When the charges were filed against him before the State Board of Medical Examiners and when action was taken by the Board purporting to revoke his license to practice medicine in the State of Florida and that the State Board of Medical Examiners well knew these facts to exist and knew that it was impossible for him to appear and defend himself.

The alternative writ also shows that the license of Relator to practice medicine was revoked upon the ground that he had been convicted of a felony, to-wit: the violation of the Harrison Anti-narcotic Act, prior to the date of the attempted revocation which was June 15, 1925.

At the time of the action by the Board Section 13 of Chapter 8415, Acts of 1921, was the controlling statute in

this regard and the ground for revocation apparently relied upon was (b) conviction of crime involving moral turpitude.

We must hold that if in truth and in fact the Relator was at the time fixed for the hearing and at the time of the service of notice confined in the Federal Prison in Atlanta, Georgia, then the accused, Relator here, was deprived of the right guaranteed to him under Section 13 of Chapter 8415, *supra,* to-wit: "At said hearing the accused shall have the right to cross-examine the witnesses against him, and to produce witnesses in his defense, and to appear personally or by counsel." And if the Board of Medical Examiners had knowledge of the conditions, *supra,* and proceeded in the then enforced absence of the accused physician it proceeded in violation of the statute and without legal authority and the revocation was void *ab initio.* This must be true because the force and effect of this statutory provision is of like force and effect in matters of this sort, as is Section 11 of our Declaration of Rights in regard to criminal prosecutions.

The statute contemplates that the hearing shall be had in the presence of the accused. Of course, the accused may voluntarily waive such right but he cannot be held to have waived it by his failure to appear when it is known that he is confined in prison in a sister State and when he does no affirmative act constituting waiver.

It is not necessary for us now to determine whether or not the alleged conviction was of a criminal act involving moral turpitude.

It is contended that mandamus will not lie in a case of this sort. Ordinarily, this contention would prevail but not in this case because of the conditions stated, *supra,* the .Relator was deprived of his statutory right of review and appeal.

Mandamus is available to require the cancellation and expunging from the record of an order, decree or judgment which has been entered without authority of law or without jurisdiction for the entry of such order, judgment or decree. See State *ex rel.* v. Johnson, 112 Fla. 112, 150 Sou. 239, 151 Sou. 315; State v. Kirke, 12 Fla. 278: State v. Finley, 30 Fla. 302, 11 Sou. 500; State v. Wright, 107 Fla. 178, 145 Sou. 598; State *ex rel.* v. Atkinson, 116 Fla. 366, 156 Sou. 726; State *ex rel.* v. Chillingworth, 122 Fla. 339, 165 Sou. 264; State *ex rel.* v. Tedder, 123 Fla. 188, 166 Sou. 590; Cornelius v. State *ex rel.,* 136 Fla. 506, 183 Sou. 754.

We think, however, the command of the alternative writ is too broad. That command is: "That you reinstate forthwith the license of Dr. A. H. Weathers to practice medicine in the State of Florida and rescind and revoke your unauthorized and illegal action of June 15, 1925, in respect to the revocation of the said license of A. H. Weathers." When the order of June 15, 1925, is held void for the reasons hereinbefore stated and is ordered revoked and expunged, then the Relator will stand as he was prior to the entry of that order and the rights of the respondent to proceed under the statute will exist the same as if those former proceedings in which that order was entered had not been instituted.

It is ordered and adjudged that the alternative writ may be amended so that it will require the Respondents to forthwith rescind and revoke the unauthorized and illegal action taken on June 15, 1925, in respect to the revocation of the said license of A. H. Weathers. When the alternative writ has been so amended the Respondents shall have fifteen (15) days from the filing of said amended command of the alternative writ in which to file answer and

return in default of which peremptory writ of mandamus will be awarded following such amended alternative writ.

So ordered.

TERRELL, C. J., WHITFIELD and BROWN, J., concur.

THOMAS, J., dissents.

CHAPMAN, J., disqualified.