487 So.2d 1126 (1986)
Charles A. MICALE, Petitioner,
v.
The Honorable Mark E. POLEN, Judge of the Seventeenth Judicial Circuit in and for Broward County, Florida, Respondent.
No. 4-86-0076.
District Court of Appeal of Florida, Fourth District.
April 16, 1986.
Rehearing Denied May 21, 1986.
*1127 Stephen Lubow, Miami, for petitioner.
S. Robert Zimmerman, Pompano Beach, and Gerald Mager of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., for Barbara A. Micale.
DOWNEY, Judge.
In this domestic relations case we have an anomalous situation in which the trial judge granted the wife's motion to disqualify him and the husband now seeks, in this court, by an original proceeding in mandamus, to require the judge to vacate the order of disqualification and to hear and decide the case in the trial court. Although in the name of expediency we might well simply deny the petition and cite State ex rel. Palmer v. Atkinson, 116 Fla. 366, 156 So. 726 (1934), we feel that an opinion may be justified because of the current inordinate number of attempts to recuse trial judges for what appear to be amorphous or imaginary reasons.
This proceeding began in 1983. The wife filed a petition to set aside a property settlement agreement and final judgment approximately one year after entry of the judgment. After extensive discovery, the cause came on for final hearing on August 28, 1985. On that date the wife presented her case, whereupon the husband moved for involuntary dismissal based on the insufficiency of the evidence to show a fraud upon the court. The court reserved ruling and proceeded with the husband's case, but was unable to conclude the hearing that date and the matter was continued. On September 13, 1985, the husband filed his memorandum in support of the motion for involuntary dismissal. Then, on September 18, 1985, the wife filed a motion to recuse the trial judge. The motion stated as grounds therefor that, when the wife and her counsel returned to court after the luncheon recess on August 28, 1985, they entered the trial judge's chambers and found seated there the husband, his attorney, his paralegal, and the trial judge. The wife observed the husband's lawyer "engaged in conversation with the court." Based thereon, the wife alleged that she "has knowledge and is aware of exchange of conversation by and between Respondent's [husband's] attorney and the court, which conversation occurred outside her presence and the presence of her attorney *1128 and related to the pending case; and that such ex parte communications have affected her right to receive a fair and impartial trial." The wife goes on to allege that, based on the foregoing," and the conduct of the proceedings later that afternoon, the judge is now biased and prejudiced against her." After a hearing on said motion the trial judge entered an order granting the motion and directed the case to be reassigned.
The husband filed a timely petition for rehearing and a motion to amend the order of recusal to state the grounds therefor as required by Florida Rule of Civil Procedure 1.530(g). The trial court denied the motion for rehearing and granted the motion to amend his recusal order. That amended order simply states that the trial judge feels that, under current case law, he cannot pass on the sufficiency of the motion to disqualify him because it would amount to defending himself from the accusations in the wife's motion. Therefore, he held that, due to the nature of the accusations, and being unable to respond thereto, he did not feel he could fairly and impartially continue as the judge in the case.
In his petition for writ of mandamus, the husband contends that the trial judge was not disqualified to sit on the case because the motion was insufficient to justify disqualification in that the grounds therefor were totally inadequate. Nowhere does the wife set forth any facts that would justify her belief that the judge, her husband and his lawyer were discussing the case. Furthermore, the husband contends, in answer to his wife's response to the petition for writ of mandamus, that he will be prejudiced by assigning the case to another judge. The parties have spent one day of trial time, during which the wife has presented her case, which involved calling the parties' two daughters as witnesses, and they have fully briefed and argued the husband's motion for involuntary dismissal for failure to show sufficient evidence of fraud. According to the husband, assignment to another judge would require going through the wife's case again, exposing the two daughters to the further trauma of testifying again, plus the delay of an already elongated proceeding.
Most of the cases involving disqualification of a judge are cases in which the judge declines to recuse himself. So, while not unique, this case is somewhat unusual. Fortunately, we have some established rules to look to that have emanated from the case of Atkinson. In Atkinson, the chief circuit judge in the eleventh judicial circuit recused himself from a case involving a local bank and assigned the case to another judge. His reasons for so doing were that several years earlier he had been advised by counsel for the bank that the bank's board of directors objected to his passing on any matters in any cause in which the bank was a party and that, rather than move for his disqualification in any such case, the bank requested that he not sit on any of its cases. Pursuant thereto, the judge had agreed not to participate in any cases involving that bank. The bank insisted upon Judge Atkinson's honoring that agreement in this case, so he recused himself and reassigned the case to another judge. The petitioner insisted the judge remain in the case unless the bank disqualified him in accordance with the statute governing disqualification. The judge remained adamant and petitioner sought a writ of mandamus in the Supreme Court of Florida. That court thereupon announced that a judge has a duty to remain on a case assigned to him unless he is legally disqualified. The court said:
It is the duty of a circuit judge who is eligible and competent to sit in a cause, to exercise his judicial functions therein, and to make all necessary orders and decrees pertaining thereto, regardless of his personal embarrassment, or his feelings of delicacy or other considerations, where same do not amount to a legal disqualification to sit and render judgment in the cause.
And mandamus will lie to compel a qualified judge to proceed with the determination of any cause properly brought before him, wherein no legal impediment to his judicially acting in such cause is *1129 made to appear in preclusion of judicial action. [Citations omitted.]
156 So. at 728.
The supreme court held, however, that, even though Judge Atkinson was not legally disqualified, the court would not grant mandamus and require him to remain on the case because there were other judges in the circuit who could conveniently handle the case and no prejudice to the parties was shown by the reassignment. Apparently the court did not feel that loss of two days of hearings was sufficient prejudice to require the judge to remain on the case. On rehearing, the court reconsidered the matter and cited a United States Supreme Court decision holding that reassignment of a case does not always require legal disqualification of a judge. The Court pointed out:
The Supreme Court of the United States has pointed out that occasions sometimes occur where, although the particular judge called upon to decide a matter is not legally disqualified to act, he may, without flinching from his duty in the premises, properly ask that one of his fellow judges, equally qualified to act, take his place and preside in his stead, where there are circumstances surrounding his sitting in the case that suggest the judge's retirement in order to avoid an attack upon the judge as being biased or prejudiced in the event he should act. Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767. The noteworthy exception to this rule, which we approve in this jurisdiction, is that even though embarrassment or unseemly criticism may ensue should the judge act, no judge should retire from a case (unless actually disqualified) where the judge is apprised of any attempt to drive him out of the case of [sic] ulterior purposes, such as delay, etc.
156 So. at 729-730. Finally, the Florida Supreme Court held:
The right to the extraordinary writ of mandamus in cases where it is sought to coerce public officials in the performance of their public duties must be grounded upon something more than a mere duty on the part of the respondent officer. The relator must have a clear legal right to the enforcement of the officer's duty. And there must exist no plain, complete, and adequate method of redress other than mandamus directed to the delinquent officer... . [Citation omitted.]
... .
[A] litigant in a county having more than one available resident circuit judge qualified to act in a chancery case is not entitled to mandamus to compel a particular judge to decide his case, even where there is a duty on the part of the respondent circuit judge to retain jurisdiction and make his decision after having once assumed control of the cause by entering upon a hearing of it, in the absence of some showing of special inconvenience or embarrassment to the relator, other than the mere necessity of representing the case before another judge equally available and qualified to hear it, the requirement in mandamus being that relator must show a real necessity for the writ to issue, in order to prevent the deprivation of some legal right of his that would otherwise be lost to him if the writ were denied.
156 So. at 730. The court thereupon denied the petition for issuance of a writ of mandamus.
In the present case we do not believe that the reasons set forth in the wife's petition for disqualification were adequate to require the judge's recusal. Absent legal grounds, he should remain on the case. However, following the lead of the supreme court in Atkinson, we feel compelled to deny the petition for writ of mandamus because the matter can readily be heard before another judge of the circuit without undue prejudice to the parties.
Accordingly, the petition for writ of mandamus is denied.
ANSTEAD and DELL, JJ., concur.