PER CURIAM.
The parties entered into a settlement agreement intended to resolve a dispute arising out of a lease of commercial property. Appellants, Woodco, Inc. and its president, Nagib Fares, as the lessee and the lease guarantor respectively, commenced this action, claiming damages based on negligent maintenance of the leased warehouse premises. B & H Realty Corporation (B & H) counterclaimed for rent and waste. An oral settlement was reached and stipulated to in open court at the time of trial. The settlement terms were later reduced to a written agreement which was approved by an order of the court dated March 15, 1984.
By terms of the agreement, certain monies which had been placed in an escrow during the pendency of the litigation were to be divided between the parties. Woodco further agreed to vacate the premises by no later than June 15, 1984 leaving the property in the same state of repair as when it assumed possession, allowing for reasonable wear and tear. The court retained jurisdiction to enforce the stipulation and to resolve any disputes as to the condition of the premises when vacated by Wo-odco. It was agreed that the parties would bear their own costs and attorney’s fees.
When Woodco failed to make repairs to the premises as agreed, B & H filed a motion for enforcement of the settlement stipulation, alleging an anticipatory breach of the agreement. By an order of May 14, 1984 Woodco was instructed to respond by outlining the measures taken to restore the premises to its original state of repair. On June 11, 1984 B & H filed a motion to hold Woodco and its president in contempt for failure to reply to the court’s order of May 14, 1984. By the same motion B & H also sought a writ of possession to remove Wo-odco from the premises and for the imposition of a bond to cover the amount of the costs of repairs. Woodco filed a Notice of Vacation of Premises on June 7, 1984. Although it relinquished control of the premises at that time, Woodco still had not completed cleaning or repairing the warehouse.
On June 28, 1984 the trial court found Woodco and Fares in contempt for failure to comply with its orders to vacate the premises by June 15, and to make the agreed to repairs. The contempt order provided that if Fares did not clean and repair the premises to the satisfaction of B & H within twenty days he would be sentenced to confinement in the county jail for a period of six months “as punishment for civil contempt” unless a cost bond in the amount of $70,000 was posted within twenty-four hours. The amount of the bond was subsequently reduced to $15,000. At the end of the twenty-day period, Woodco and Fares posted the $15,000 bond because B & H was still dissatisfied with the repairs and restorations. Woodco complained that B & H’s demands went far beyond what was required to restore the premises to their original condition.
After an evidentiary hearing on B & H’s Motion to Enforce Settlement a Final Judgment was entered awarding B & H $49,635 in damages and $18,500 for attorneys’ fees.
In this appeal Woodco and Fares challenge the amount of the damages award, enforcement of the stipulated settlement by exercise of the contempt power, and the award of attorney’s fees.
First, we agree with appellants that the damage award must be reversed because it is based solely on the evidence presented by one side to the dispute. There was no agreement between the parties that repair of the premises had to meet the approval and satisfaction of the lessor. An imposition of that condition by the trial court improperly modified the settlement, AC Associates v. First National Bank of Florida, 453 So.2d 1121 (Fla. 2d DCA 1984) (court may not modify contractual rights to benefit one party), and relieved the court of its responsibility to resolve the controversy based on independent factual findings. See State ex rel. Palmer v. Atkinson, 116 Fla. 366, 156 So. 726 (Fla.1934) (circuit judge *1332 has duty to exercise judicial functions in a cause and to make all necessary orders and decrees); Harmon v. Germain, 487 So.2d 71 (Fla. 3d DCA 1986) (it is totally inappropriate for trial judge to order sale of personal property and division of proceeds rather than to decide disputed issue of ownership).
Second, use of the contempt power to enforce a settlement agreement which was not part of a final judgment was error. The stipulation between the parties was in the nature of a contract which was enforceable as a separate civil action. Weinberg v. Lozman, 364 So.2d 841 (Fla. 3d DCA 1978). The relief sought was money damages. Compelling a party to a contract action to post a bond to satisfy a judgment or suffer imprisonment for contempt, in the absence of fraud, is, in the final analysis, a threatened imprisonment for a debt. Imprisonment for debt is prohibited. Art. I, sec. 11, Fla. Const.; Tabas v. Hudson, 175 So.2d 224 (Fla. 3d DCA), appeal dismissed, 183 So.2d 209 (Fla.1965), cert. denied, 383 U.S. 969, 86 S.Ct. 1273, 16 L.Ed.2d 308 (1966). That part of the order on contempt which imposes a jail term if a prejudgement damage bond is not posted within forty-eight hours cannot stand.
Third, there is no statutory or contractual basis for the fee awarded herein. The stipulated settlement sought to be enforced by B & H provided that the parties would be responsible for their own attorney’s fees and costs. Thus, the question of entitlement to attorneys fees is answered negatively by the same contract sued upon. Generally a prevailing party is not entitled to attorney’s fees unless provided for by statute or contract. See Estate of Hampton v. Fairchild-Florida Construction Co., 341 So.2d 759 (Fla.1976); Leitman v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983); Steinhardt v. Eastern Shores White House Association, 413 So.2d 785 (Fla. 3d DCA 1982).
The interlocutory order of contempt and the award of attorney’s fees are reversed; the damage award is also reversed and is remanded for a new evidentiary hearing.