STATE OF FLORIDA *ex rel.* JASPER DIXON, *Relator*, v. J. EMMET WOLFE, CIRCUIT JUDGE, *Respondent*.

1.  In a suit for divorce no decree should be made without proof of the allegations of the bill; and, even if the defendant fails to appear, the courts are nevertheless bound to proceed with the same formality as if he were present and maintaining the keenest opposition, hence the entry of a decree *pro confesso* in such a suit amounts to but little.

2.  Although a decree *pro confesso* be entered against the wife in a divorce proceeding it is within the power and duty of the chancellor to require the complainant to produce evidence within the jurisdiction of the court that was apparently essential to justice in the cause and the protection of the rights of all parties involved and of the public morals and general welfare.

3.  In a mandamus proceeding to require a Circuit Judge to proceed to a disposition of a pending divorce suit, if it appears that the judge rightly declined to proceed because the complainant in the cause failed to procure testimony of witnesses within the jurisdiction of the court that the judge regards as essential to justice in the cause, the alternative writ may be quashed.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*J. T. Wiggins*, for Relator;

*J. Emmett Wolfe*, in pro per.

WHITFIELD, C. J.—An alternative writ was issued herein as follows, on May 14th, 1912:

"WHEREAS, by a petition filed by Jasper Dixon, it has been made to appear:

That J. Emmett Wolfe, Judge of the Circuit Court of the First Judicial Circuit appointed and duly qualified as Judge of said Court and in which said office he still holds and performs the duties incident thereto; that petitioner on the 3rd day of January, A. D. 1912, filed his bill of complaint in said Court on the Chancery side of the Docket against Bell Dixon a suit for divorce; that on the said 3rd day of January, A. D. 1912, a subpoena in chancery was duly issued by the Clerk of said Court to the said Bell Dixon, defendant, which said subpoena was duly executed on the said defendant, Bell Dixon, by J. H. Collins, Sheriff of Santa Rosa County, State of Florida, and within said Judicial Circuit; that on the 4th day of March, A. D. 1912, a Decree Pro-Confesso was duly issued by said Court against the said defendant, Bell Dixon for failure to appear, plead or demur, to the bill of complaint in said cause; that on the 7th day of March, A. D. 1912, the said J. Emmett Wolfe, Judge of the said Court of the First Judicial Circuit of the State of Florida made an order referring said cause to W. W. Clark, Esquire, to take the testimony in said cause; that thereafter on the 11th day of March, A. D. 1912, the complainant produced divers witnesses in his behalf, which witnesses were duly sworn and their testimony taken before the said W. W. Clark acting as Special Master in Chancery, and the same reported by the said W. W. Clark, Special Master to the said J. Emmett Wolfe, Judge; that on the 21st day of March, A. D. 1912, the said J. Emmett Wolfe, Judge, returned said papers without making a decree enclosing a letter to counsel for plaintiff stating that the complainant should furnish ad-

ditional testimony; that on the 23rd day of March, A. D. 1912, Counsel for complainant returned said papers to the said J. Emmett Wolfe requesting that he pass on said cause without additional testimony as he was of the opinion that the complainant was entitled to a decree and requesting the said J. Emmett Wolfe, Judge of said Court, to pass on said cause one way or the other as he wished to appeal said cause to the Supreme Court of the State of Florida if said cause should be dismissed; that on the 3rd day of April, A. D. 1912, the said J. Emmett Wolfe, made an order again referring this same cause to the said W. W. Clark, Special Master, requiring him as Special Master to summon other witnesses in order to take additional testimony; that on the 8th day of May, A. D. 1912, the said W. W. Clark acting as Special Master in this same cause made an additional report that the Sheriff had refused to serve said subpoenas. and that the complainant had refused to advance cost for the service of said subpoenas; that on the 10th day of May, A. D. 1912, the said J. Emmett Wolfe, Judge, returned said case papers to the plaintiff's attorney writing a letter refusing to pass final upon the case; your petitioner therefore represents that it is the duty of said Judge to pass on said cause granting him a divorce or dismissing his bill in order that he may have said cause reviewed in the Supreme Court.

Wherefore your petitioner prays your Honors to grant a writ of Mandamus under seal of this court directed to the said J. Emmett Wolfe, Judge as aforesaid, commanding him forthwith to pass on said cause as aforesaid, and to do and perform all such acts and things in the premises as the law requires, and for such other and fur-

ther relief as to your Honors may seem mete, and your petitioner will ever pray, etc.

NOW THEREFORE, We being willing that full and speedy justice be done in the premises, do command you, the said J. Emmett Wolfe, Judge of the Circuit Court, for the First Judicial Circuit of the State of Florida, to forthwith pass upon the case of Jasper Dixon, complainant, v. Bell Dixon, defendant; or that you appear before the Justices of our Supreme Court sitting within and for the State of Florida, at 'the Court Room in the City of Tallahassee, on the 21st day of May, A. D. 1912, at 10 O'Clock A. M. of that day, and show cause why you refuse so to do; and have you then and there this writ.

Witness the Honorable James B. Whitfield, Chief Justice of the Supreme Court of the State of Florida, and the seal of the said Court at Tallahassee, the Capital, this the 14th day of May, A. D. 1912.

(SEAL) M. H. MABRY,

Clerk Supreme Court, State of Florida."

The respondent presented the following motion to quash the alternative writ:

"Comes now the respondent in person and moves the court to quash the alternative writ of mandamus and for cause says:

That it appears in and by the allegations of said writ that the said suit of Jasper Dixon vs. Bell Dixon, a divorce suit, pending in the Circuit Court of Santa Rosa County, Florida, which it is sought by said writ to compel this respondent as chancellor of said court to finally hear and determine, is not ready for final hearing, nor is it the duty of the said chancellor to finally pass upon some in its present condition, because the said

chancellor, exercising his proper discretion in a suit filed for the dissolution of the marriage status, has by proper order directed the taking of additional testimony by the master appointed in said cause and it is the duty of said complainant to cause to be produced to the chancellor the testimony of all witnesses whose testimony, in the opinion of the chancellor, is necessary to a proper disposition of said cause, and the complainant, as alleged in said writ, has failed and refused, and continues to fail and refuse to produce said testimony; Wherefore respondent asks that said alternative writ be quashed at relators cost.

Respectfully submitted,

J. EMMETT WOLFE,

Judge Circuit Court, First Judicial Circuit of Florida."

The respondent also filed the following answer:

"Comes the respondent and, subject to the motion to quash the writ heretofore filed, answers said Alternative Writ, and for answer says:

1. That he admits all the allegations of the alternative writ to be true as therein alleged.

2. And further answering from memory, the files of said suit of Jasper Dixon vs. Bell Dixon not being before him for inspection, says:

That the reason he has failed and refused, and still fails and refuses, to finally hear and determine said cause is that said suit of Jasper Dixon vs. Bell Dixon is a suit for the dissolution of the marriage tie to which the State of Florida is a party in interest:

That the bill of complaint in said cause charged, as ground for divorce between said Jasper Dixon and said Bell Dixon, that the said Bell Dixon had been guilty of

adulterous practice with one —————— Nelson, named as co-respondent in said bill of complaint:

That the testimony in said cause as first reported by the master consisted of the testimony of the complainant and the said —————— Nelson, named as co-respondent, the testimony tending to prove that the said Bell Dixon had been guilty of adultery with ———— a person not named in the bill of complaint as co-respondent:

That deeming it a suspicious circumstance that the complainant should charge in his sworn bill of complaint that his wife had been guilty of adultery with said ————————Nelson, and then, without explanation, use the said —————— Nelson as a witness, together with his own testimony, in attempting to prove adultery with another person not named in the bill of complaint, and the testimony being otherwise unsatisfactory to him, the said chancellor directed that the testimony of the respondent, Bell Dixon and the testimony of the person with whom the adultery was charged in the testimony of complainant and said —————— Nelson to have been committed, should be produced before he would finally hear and determine said cause, both said witnesses being residents of Santa Rosa County, Florida, and within the jurisdiction of the court: And the complainant having refused, and still refusing, to produce said testimony as required by the order of the court, the said chancellor refused and still refuses to finally hear and determine said cause and not otherwise.

And having answered fully respondent prays to be hence dismissed with his costs.         •

J. EMMETT WOLFE,

Judge of the First Judicial Circuit of the State of Florida."

The relator joined issue on the respondent's answer subject to the following motion:

"Comes now the relator, Jasper Dixon, in the above entitled cause and moves the court to dismiss the motion to quash filed by the respondents; and grant the relator a peremptory writ of mandamus, and for grounds of said motion says:

First: Because the returns of the Respondents admits the allegations in the Writ.

Second: Because said answer shows no sufficient cause why peremptory writ should not issue.

J. T. WIGGINS,<br>Attorney for Relator."

The motion of the relator for a peremptory writ in effect admits the averments of the answer for the purposes of the motion. This being so if the answer is sufficient in law the alternative writ should be quashed.

Although upon the face of the pleadings in a suit for divorce the two consorts named as complainant and defendant appears to be the only parties thereto, yet in a sense the State is also a party in interest to protect the public morals and general welfare as well as the rights of third parties who may be involved in the controversy; and the rights of the State should be safe-guarded by the courts in its action in such cases.

The law has wisely enjoined upon courts the duty of watching over divorce proceedings with the closest scrutiny and interposing to prevent abuses of the delicate and responsible power confided to them to dissolve the marriage contract. What shall be deemed sufficient cause of divorce must ever be a matter of law, and it is a duty of the court to refuse a decree unless satisfied of the sufficinecy of the allegations as also the truth of the

evidence to establish one of the statutory grounds for divorce.

In a suit for divorce no decree can be made without proof of the allegations of the bill; and, even if the defendant fails to appear, the courts are nevertheless bound to proceed with the same formality as if he were present and maintaining the keenest opposition, hence the entry of a decree *pro confesso* in such a suit amounts to but little. Hancock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020; Underwood v. Underwood, 12 Fla. 434; Spencer v. Spencer, 61 Fla. 777, 55 South. Rep. 71.

The answer of the respondent Circuit Judge states that while the bill of complaint for a divorce filed by the husband against the wife charged her with adulterous practices with one Nelson, named as co-respondent in the bill of complaint, the evidence taken by the complainant husband consisted of the testimony of the husband and said Nelson tending to show the defendant wife had been guilty of adultery with a person not named in the bill of complaint as co-respondent; that the complainant refuses to produce the testimony of the defendant wife and of the person with whom her adulterous conduct is stated in evidence taken by the complainant, both of whom were within the jurisdiction of the court; and for this reason the chancellor refuses to finally hear and determine the cause.

This action of the chancellor was not only proper but highly commendable. Although a decree *pro confesso* may have been entered against the wife, it was within the power and duty of the chancellor to require the complainant to produce evidence within the jurisdiction of the court that was apparently essential to justice in the

cause and the protection of the rights of all parties involved and of the public morals and general welfare.

If the complainant does not comply with appropriate orders of the chancellor the cause may be dismissed.

The alternative writ of mandamus is quashed at the expense of the relator.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.