STATE OF FLORIDA, ex rel. RADFORD D. LOCKE, v. HONORABLE HARRY N. SANDLER, as Judge of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

23 So. (2nd) 276    June Term, 1945
September 21, 1945    Division A

*C. J. Hardee,* for relator.

*Harry N. Sandler,* in proper person, for respondent.

BUFORD, J.:

In this case, an original mandamus proceeding in this Court, the record shows that on August 6th, 1945, Edna M. Locke who was then defendant in a suit pending in the Circuit Court of Hillsborough County, filed a petition verified under oath, to disqualify the Honorable Harry N. Sandler to act as Circuit Judge in the proceedings to which she was a party as aforesaid. The petition charged as follows:

"I, Edna M. Locke, defendant in the above styled cause, and wife of Radford D. Locke, plaintiff, after being duly sworn, say:

"That I, as defendant in the above styled cause fear that I will not receive a fair trial in this court before the Hon. Harry N. Sandler, Circuit Judge, and I firmly believe that said judge is prejudice in favor of the plaintiff, my husband, Radford D. Locke.

"The basis of the foregoing fear and belief on my part is founded in part upon the fact that although my husband had beaten me into unconsciousness and abused me over a period of several years, and that he is a large man of more than six feet tall, formerly a police officer of the city of Tampa, that upon the filing of the bill of complaint by him before the said judge, said judge, without notice to me, and without giving me an opportunity of being heard, entered an injunction which, among other things, prevented me from striking and doing bodily harm to plaintiff. And upon testimony taken before said judge at temporary hearing on Friday, July 27, it was shown in the record by competent testimony that I, the defendant, had been beaten, bound and gagged by the plaintiff, in the night time and left in an unconscious state in the clothes closet where I remained until some time in the morning of Friday, July 27, 1945. That upon said hearing being concluded for the day, counsel for defendant requested the court for a temporary order restraining plaintiff from further interfering with defendant or from abusing her or doing her any physical injuries. This order was denied. That

the court at said hearing instructed plaintiff that he would give her 30 days to vacate the home she occupied and deliver same to the plaintiff. Acting upon said instructions, defendant vacated said home on August 4, 1945, had her furniture removed by the Caldwell Bonded Ware House of Tampa, and later that day rented an unfurnished home in Tampa, and ordered the company to move said furniture on August 6th to said unfurnished house, that without notice to the defendant, said judge entered a restraining order preventing the defendant from moving said furniture to the home she had rented. And that while part of the furniture was in transit, it was returned to said warehouse on order of said judge.

"It is defendant's firm belief that relief is being granted by said judge favoring the plaintiff, and that defendant is being denied the right of a fair and impartial trial."

The petition was sought to be supported by affidavits of two disinterested people. The affidavits were identical except as to the name of the affiant and were in the following language:

"I have read the affidavit made by Edna M. Locke, defendant, and I hereby certify that I am not of kin to the said Edna M. Locke, nor the counsel for defendant, and that Edna M. Locke is acting in good faith and has reasonable grounds to believe that the defendant will not receive a fair trial, and I make this affidavit for the purpose of supporting in substance the statement set forth in the affidavit of Edna M. Locke."

Judge Sandler entered an order on the same day, as follows:

"This cause came on to be heard upon the disqualification affidavit filed by the defendant herein and the Court finding same to be regular, it is hereby

"Ordered and Adjudged that I, Harry N. Sandler, Circuit Judge, find myself disqualified to proceed in this cause in compliance with the statutes of the State of Florida.

"Done and Ordered in Tampa, Florida, this 6th day of August, 1945."

Thereupon, the plaintiff below, on August 10th, 1945, filed here his petition for alternative writ of mandamus to be directed to the Honorable Harry N. Sandler requiring him to show cause why a writ of mandamus should not be issued requiring him to vacate the order of disqualification entered August 6th, 1945, in that certain case pending in the Circuit Court of Hillsborough County, Florida, of Radford B. Locke, plaintiff, v. Edna M. Locke, defendant, and to continue as Judge in the disposition of such cause, whereupon we issued our alternative writ in accordance with the prayer of the petition. Judge Sandler has made return to the writ, as follows:

### "ANSWER OF RESPONDENT

"This Respondent for answer to the Writ of Mandamus says that order of Disqualification entered by him in the case of *Radford D. Locke v. Edna M. Locke* was entered on the authority of the decision of this Honorable Court in the case of Fleming v. Parks, et al., Circuit Judges, reported in 21 So. (2nd) 144 and now prays the advice of this Honorable Court in the premises.

Respectfully submitted,"

The cause now comes on before us upon motion for peremptory writ of mandamus, notwithstanding the return.

The premptory writ should issue on authority of the opinion and judgment in the case of Suarez et al v. State, 95 Fla. 42, 115 So. 519. It is not necessary for us to repeat what we have said in that case.

In the case of City of Palatka v. Frederick, 128 Fla. 366, 174 So. 826, we said:

"The law imposes on a Circuit Judge the duty to hear and determine all cases properly brought before him for his judicial consideration. This duty he must perform whether he wishes to do so or not, unless he be either disqualified as a matter of law, or be challenged and required to recuse himself under circumstances existing that require him as a matter of law to retire from the case, or he, himself, shall make it a matter of record and certify that he is personally conscious of and feels toward one of the parties such disqualifying bias or

prejudice as will in good conscience preclude his impartial consideration of the controversy."

In the case of State ex rel. Palmer v. Atkinson, 116 Fla. 366, 156 So. 726, we said:

"It is the duty of a Circuit Judge who is eligible and competent to sit in a cause, to exercise his judicial functions therein and to make all necessary orders and decrees pertaining thereto, regardless of his personal embarrassment, or his feelings of delicacy or other considerations, where same do not amount to a legal disqualification to sit and render judgment in the cause.

"And mandamus will lie to compel a qualified judge to proceed with the determination of any cause properly brought before him, wherein no legal impediment to his judicially acting in such cause is made to appear in preclusion of judicial action. Trustees Internal Imp. Fund, v. Bailey, 10 Fla. 213; Towle v. State, 3 Fla. 202; State v. King, 32 Fla. 416, 13 So. Rep. 891; Anderson v. Brown, 6 Fla. 299; State v. Young, 31 Fla. 594, 12 So. Rep. 673, 19 L.R.A. 636, 34 Am. St. Rep. 41; State v. Wolfe, 63 Fla. 290, 58 So. Rep. 841."

It would obstruct justice and confuse the procedure in all trial courts if it were permitted for a litigant to disqualify a trial judge upon the ground of prejudice simply upon the showing that such trial judge had made rulings or orders in the course of the litigation adverse to such litigant regardless of whether such rulings or orders were proper and correct or not.

In the case of Fleming v. Parks et al., Circuit Judge, 155 Fla. 676 21 So. (2nd) 144, the sworn petition and supporting affidavit showed considerably more than that the judges there involved had merely entered rulings or orders adverse to the petitioner. Therefore, that case has no bearing on the case at bar.

For the reason stated, premptory writ of mandamus will issue.

It is so ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.