PER CURIAM.
Appellant seeks review of an adjudication of delinquency.
On April 25, 1972, a petition for delinquency was filed against appellant alleging the commission of assault with intent to commit first degree murder. The juvenile denied the allegations. On the same day a predetention hearing was held before the Honorable Judge Ferguson who ordered the appellant detained pending a hearing on the delinquency petition because of “the seriousness of the alleged offense together with the representation by the court attorney that the proof is evident that said child committed the offense.” [Emphasis supplied] However, on May 2, 1972, after a rehearing, the judge ordered the juvenile released to the custody of his father. Defense counsel on May 11, 1972 filed a motion for disqualification, asking Judge Ferguson to recuse himself on the grounds that the court was no longer an impartial trier of fact due to the above quoted state *287 ment recited in the detention order of April 25. The court denied the motion on May-15, 1972, at which time it proceeded to hear the petition for delinquency. The appellant was adjudicated delinquent, given a suspended commitment, and placed under the supervision of a youth counselor.
On appeal appellant is contending that as a result of the denial of the motion for disqualification, he was deprived of the presumption of innocence and a fair and impartial hearing as required by due process of law. We cannot agree.
The appellant did not elect'to follow the procedure of F.S. § 38.10, F.S.A.,[1] providing for mandatory disqualification of a judge in that the motion was not timely filed and unaccompanied by any supporting affidavits. Oncay v. Oncay, Fla.App.1966, 183 So.2d 878. It is then left in the discretion of the judge as to whether or not he feels that he should disqualify himself. We have considered the record on appeal, briefs and arguments of counsel and have concluded that appellant has failed to show an abuse of this discretion. See Foley v. Peckham, Fla.App.1971, 256 So.2d 65; Wilson v. Renfroe, Fla.1957, 91 So.2d 857; State ex rel. Locke v. Sandler, 156 Fla. 136, 23 So.2d 276 (1945); Suarez v. State, 95 Fla. 42, 115 So. 519 (1938).
Accordingly, the judgment is hereby affirmed.
Affirmed.

. “38.10 Disqualification of judge for prejudice; application; affidavits ; etc.
“Whenever a party to any action or proceeding, shall make and file an affidavit that he fears that he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of said court against the applicant, or in favor of the adverse party, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed by the laws of this state for the substitution of judges for the trial of causes where the presiding judge is disqualified. Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists, and such affidavit shall he filed not less than ten days before the beginning of the term of court, or good cause shown for the failure to so file same within such time. Any such affidavit so filed shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith, and the facts stated as a basis for making the said affidavit shall be supported in substance by affidavit of at least two reputable citizens of the county not of kin to defendant or counsel for the defendant; . . . ” [Emphasis supplied] See also CrPR 3.230, 33 F.S.A., to the same effect.