POLEN, Judge.
Petitioner seeks a writ of certiorari directed to the circuit court sitting in its appellate capacity. Because petitioner seeks to compel the circuit court to rule on its motion for appellate attorneys fees, which motion was properly before the court, we deem mandamus to be a more appropriate remedy. Accordingly, we treat the petition as a petition for writ of mandamus. We sua sponte change the style as it appears above, and grant the petition.
Mandamus is available to compel the performance of a purely ministerial act. Clearly the failure of a court to rule on a matter within the court’s jurisdiction, which matter is properly before the court and ripe for disposition, is subject to mandamus. While mandamus is not available to compel a judge to rule a particular way, it is appropriate to compel some ruling. State ex rel. Locke v. Sandler, 156 Fla. 136, 23 So.2d 276 (1945).
In this case, respondent appealed a final judgment from the county court, foreclosing a condominium assessment lien in favor of petitioner. The circuit court, in its appellate capacity, affirmed the county court judgment. However, the circuit court did not rule on petitioner’s pending motion for appellate attorney’s fees, pursuant to the Declaration of Condominium and section 718.116(6)(a), Florida Statutes. Petitioner then moved for rehearing in the circuit court, specifically requesting a ruling on the fee motion. The circuit court simply denied the motion for rehearing.
While petitioner seeks to have us compel the circuit court to grant its motion for attorneys fees, we do not believe we can direct the circuit court how to rule. This is certainly so in mandamus proceedings. We therefore direct the circuit court to rule on the pending motion for attorneys fees. Be *1171 ing confident the circuit court will comply with the directions in this opinion, we withhold issuance of the writ of mandamus.
GUNTHER, C.J., and WARNER, J., concur.