MORRIS, Judge.
 

 Homeowner’s Association of Overlook, Inc. (Overlook), appeals an order dismissing with prejudice its complaint seeking declaratory relief and relief from an earlier judgment pursuant to Florida Rule of Civil Procedure 1.540(b). We affirm the dismissal of the count seeking relief from judgment under rule 1.540(b) as well as the count seeking a declaratory judgment that the earlier judgment is invalid, but we reverse the dismissal of the count seeking declaratory judgment as to the rights of Overlook’s members and remand for further proceedings.
 

 I.
 
 Facts
 

 Overlook is a subdivision of multifamily homes within the larger Seabrooke development. In addition to Overlook, there are two other subdivisions within the Sea-brooke development, Promenade and Vistas, both of which include single family homes. All homeowners in the three subdivisions are required to be members of the Seabrooke Homeowners’ Association, Inc. (Seabrooke). In addition, each subdivision has its own homeowners’ association with separate declarations affecting only the properties in each of those respective subdivisions.
 
 [1]
 
 Accordingly, each neighborhood is governed by its own declarations as well as the Seabrooke master declaration.
 

 In May 2006, seven individual members of Seabrooke, who live in the Seabrooke subdivisions other than the Overlook subdivision, obtained a final judgment against Seabrooke. The trial court ruled that Sea-brooke’s conveyance of its roads to the City of Largo was null and void. The judgment declared Seabrooke “to be solely and exclusively responsible for repairing and maintaining the subject roads and for enforcing the restrictive covenants related thereto.”
 

 In December 2006, Overlook filed an action against Seabrooke; Promenade Homeowners’ Association, Inc.; Vistas Homeowners’ Association, Inc.; the City of Largo; and the seven individual homeowners who obtained the judgment against Seabrooke in May 2006. In its complaint, Overlook sought a declaratory judgment as to its rights under the 2006 judgment and the Seabrooke master declaration. Overlook claimed that under the Seabrooke master declaration, Seabrooke members are not responsible for maintaining the roads in the Promenade and Vistas subdivisions and that the Promenade and Vistas declarations require the residents of those subdivisions to pay for the maintenance of the roads in those respective subdivisions. Overlook argued that the 2006 judgment left Overlook in doubt about its rights and responsibilities regarding road maintenance because the 2006 judgment holds Seabrooke members responsible for maintaining the roads in the Seabrooke devel
 
 *670
 
 opment, i.e, including the roads in the Promenade and Vistas subdivisions. Overlook also sought a declaration that the 2006 judgment was invalid because it failed to include Overlook as an indispensable party.
 

 After Overlook filed its complaint, the case was transferred by order of the chief judge of the Sixth Judicial Circuit to the trial judge who entered the 2006 judgment, but that judge recused himself “to allow a neutral party — a new trial judge, who was not involved in the first go-around[ — ]to make a decision on whether or not the prior ruling was made in error and should be set aside and proceed therefore.” Overlook’s case was then assigned to a successor judge.
 

 The appellees then filed motions to dismiss the complaint. In September 2007, the trial court granted the appellees’ motions to dismiss, concluding that Overlook has no standing to seek declaratory relief because there was no allegation that Overlook as a homeowner’s association will bear any responsibility for the maintenance of the roads in the Seabrooke development. The trial court ruled that the Overlook members are not obligated for the road assessments as members of Overlook but as members of Seabrooke.
 

 Overlook then filed an amended complaint, asserting the same claims for declaratory relief as well as a new claim for relief from the 2006 judgment under rule 1.540(b).
 
 [2]
 
 Overlook contended that the 2006 judgment granted relief that was never pleaded and that the judgment was the result of fraud on the court. The amended complaint also stated that the action was brought by Overlook on behalf of all its association members.
 

 The appellees again filed motions to dismiss. The trial court again granted the motions to dismiss, finding that in the original suit against Seabrooke, the Overlook members had standing by virtue of their status as members of Seabrooke and that they therefore cannot now come back and challenge the 2006 judgment entered in favor of Seabrooke. The trial court also ruled that Overlook could not collaterally attack the 2006 judgment. The trial court dismissed the amended complaint with prejudice in December 2009, and Overlook now appeals.
 

 II.
 
 Analysis
 

 On appeal, Overlook contends that the trial court erred in dismissing its amended complaint on the basis that Overlook lacked standing to file its complaint for declaratory relief. It argues that the individual members of Overlook have a financial interest separate from that of the other members of Seabrooke and that Overlook has standing to bring the suit for declaratory relief on behalf of the Overlook members pursuant to Florida Rule of Civil Procedure 1.221 and section 720.303, Florida Statutes (2007). We agree.
 

 The amended complaint properly alleged an action by Overlook on behalf of its members.
 
 See Fla. Pritikin Ctr., Inc. v. Turnberry Isle Condo. Ass’n,
 
 753 So.2d 798, 799 (Fla. 3d DCA 2000). The sole requirement for the bundling of a class is that the members of the association have a common interest regarding the common elements of the property. § 720.303(1);
 
 *671
 
 Fla. R. Civ. P. 1.221;
 
 Graves v. Ciega Verde Condo. Ass’n,
 
 708 So.2d 1109, 1111 (Fla. 2d DCA 1997). The members of Overlook have a common interest in whether they must share in the expense of maintaining the roads in the Promenade and Vistas subdivisions of the Seabrooke development. This interest is distinct from any interest they may have as members of Seabrooke and is distinct from the interest of the other members of Sea-brooke, namely, the Promenade and Vistas homeowners. Therefore, the trial court erred in dismissing Overlook’s complaint for lack of standing.
 

 Prior to the 2006 judgment, Overlook had successfully conveyed its roads to the City of Largo and no longer had responsibility for their maintenance. But Overlook contends that the 2006 judgment now imposes an obligation on the members of Overlook, as members of Seabrooke, to contribute to the maintenance expense of the roads in the Promenade and Vistas subdivisions when the Seabrooke master declaration does not provide for such obligation. On the other hand, the appellees argue that the Overlook members’ obligations are unchanged by the 2006 judgment because under the Promenade and Vistas declarations, the roads in the Promenade and Vistas subdivisions are common areas of the Seabrooke development, which the Seabrooke master declaration requires Seabrooke to maintain. The appellees contend that the Seabrooke master declaration imposes the sharing of expenses for the common elements on all Seabrooke members, including Overlook homeowners. A declaratory judgment is appropriate in this case.
 
 See
 
 §§ 86.011, .021, Fla. Stat. (2006);
 
 Meadows Cmty. Ass’n v. Russell-Tutty,
 
 928 So.2d 1276, 1279 (Fla. 2d DCA 2006);
 
 X Corp. v. Y Person,
 
 622 So.2d 1098, 1101 (Fla. 2d DCA 1993).
 

 Accordingly, we reverse the order of dismissal and remand for the trial court to conduct further proceedings on Overlook’s claim for declaratory judgment regarding it members’ rights under the relevant declarations and the 2006 judgment.
 
 [3]
 

 In its second point on appeal, Overlook argues that the trial court erred in dismissing its claim for relief from judgment under rule 1.540(b) and its claim that the 2006 judgment is invalid for failure to include Overlook as an indispensable party. We conclude that there was no error in the dismissal of these claims and affirm their dismissal without further comment.
 

 Affirmed in part; reversed in part; remanded.
 

 DAVIS and VILLANTI, JJ„ Concur.
 

 [1]
 

 . Seabrooke, consisting of the three subdivisions within it, is governed by the master declarations of covenants, easements, and restrictions. Overlook is governed by its declaration of restrictions. Promenade is governed by its master declaration of covenants, conditions, and restrictions. Vistas is governed by its master declaration of covenants, conditions, and restrictions.
 

 [2]
 

 . In the meantime, Overlook also filed a motion for relief from judgment pursuant to rule 1.540(b) and a motion to intervene in the original case that resulted in the 2006 judgment. That original case was assigned to a successor judge who presided over a hearing along with the successor judge in the new action filed by Overlook. The successor judge in the original case ruled that Overlook was not an indispensable party and that the 2006 judgment was not void based on fraud. Overlook appealed, and this court affirmed.
 
 See Ciarlo v. Berry,
 
 3 So.3d 326 (Fla. 2d DCA 2008) (table decision).
 

 [3]
 

 . Although not raised by Overlook on appeal, we note that most of the confusion in this case could have been avoided if the original judge who entered the 2006 judgment had remained as the presiding judge. As the judge who entered the 2006 judgment, he was familiar with the 2006 proceedings against Seabrooke and was in the best position to evaluate whether the 2006 judgment intended to alter the rights and responsibilities of the Seabrooke members. There was no legal basis for the original judge to recuse himself.
 
 See, e.g., Jackson v. State,
 
 599 So.2d 103, 107 (Fla. 1992) ("The fact that a judge has previously made adverse rulings is not an adequate ground for recusal. Nor is the mere fact that a judge has previously heard the evidence a legally sufficient basis for recusal.” (citations omitted)). However, Overlook did not seek timely relief to correct the original judge’s improper recusal.
 
 See State ex rel. Locke v. Sandler,
 
 156 Fla. 136, 23 So.2d 276, 278 (1945) (" '[mjandamus will lie to compel a qualified judge to proceed with the determination of any cause properly brought before him, wherein no legal impediment to his judicially acting in such cause is made to appear in preclusion of judicial action.’ ” (quoting
 
 State ex rel. Palmer
 
 v.
 
 Atkinson,
 
 116 Fla. 366, 156 So. 726, 728 (1934))).