NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SAM KAZRAN,                                  )
                                             )
            Petitioner,                      )
                                             )
v.                                           )          Case No. 2D15-13
                                             )
VERNON G. BUCHANAN, 1099                     )
MANAGEMENT COMPANY, LLC, a                    )
Florida limited liability company, and       )
JOHN TOSCH, an individual,                    )
                                             )
            Respondents.                     )
                                             )

Opinion filed February 20, 2015.

Petition for Writ of Prohibition to the
Circuit Court for Sarasota County;
Peter Dubensky, Judge.

G. Michael Keenan, West Palm Beach,
for Petitioner.

No Appearance for Respondents.


CASANUEVA, Judge.

        Sam Kazran petitions this court for a writ of prohibition to review the order

denying his motion to disqualify Judge Dubensky.  We deny his petition.

        Apparently, the case in the trial court is a complex civil action involving a

claim and a counterclaim.  Mr. Kazan did not file a motion to disqualify Judge Dubensky

until after Judge Dubensky directed a verdict against him on November 10, 2014, at the

end of his case. On November 20, 2014, Mr. Kazran filed his motion to disqualify Judge Dubensky based on complaints about the judge's actions and comments "over the course of this case." On December 1, 2014, Judge Dubensky denied the motion, explaining that it was untimely as to claims prior to November 11 and that the claims thereafter were based solely on adverse rulings. On December 5, 2014, Judge Dubensky entered final judgment against Mr. Kazran and others for $6,369,865.80. Mr. Kazran appealed that judgment to this court on January 6, 2015. That appeal is still pending in its initial stages. A day earlier on January 5, 2015, Mr. Kazran filed this petition for writ of prohibition, challenging the order denying disqualification.

Florida Rule of Judicial Administration 2.330(e) provides that a motion to disqualify must be filed no later than ten days after discovery of the facts supporting the motion. In denying Mr. Kazran's motion, Judge Dubensky found that the claims arising prior to November 11, 2014, were untimely. This was technically incorrect with regard to Mr. Kazran's claims concerning the judge's handling of his motion for directed verdict at the hearing on November 10, 2014. Rule 2.514(a)(1)(A) provides that in computing periods stated in days, the day triggering the event is excluded. Thus, for the claims arising out of Judge Dubensky's actions on November 10, the ten days began to run on November 11, and the motion to disqualify based on those claims was timely filed on November 20.

Nevertheless, Judge Dubensky's assessment that the complaints as to November 10 are complaints concerning his adverse ruling on the motion for directed verdict appear correct. See Thompson v. State, 759 So. 2d 650, 659 (Fla. 2000) ("However, the fact that a judge has ruled adversely to the party in the past does not

constitute a legally sufficient ground for a motion to disqualify."); State ex rel. Locke v. Sandler, 23 So. 2d 276, 278 (Fla. 1945) ("It would obstruct justice and confuse the procedure in all trial courts if it were permitted for a litigant to disqualify a trial judge upon the ground of prejudice simply upon the showing that such trial judge had made, rulings or orders in the course of the litigation adverse to such litigant regardless of whether such rulings or orders were proper and correct or not."). Accordingly, we deny Mr. Kazran's petition without prejudice to his right to challenge Judge Dubensky's handling of the hearing or his disposition of the motion for directed verdict in his direct appeal of the final judgment.

Petition denied.


ALTENBERND and SILBERMAN, JJ., Concur.