# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-348
Lower Tribunal No. 17-15638
_____

**Eduardo Alfonso, et al.,**
Petitioners,

vs.

**Miami-Dade County,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Torricella Law, PLLC, and Maurice J. Baumgarten, for petitioners.

Abigail Price-Williams, Miami-Dade County Attorney, and Leona N. McFarlane, Assistant County Attorney, for respondent.

Before SCALES, LINDSEY and HENDON, JJ.

SCALES, J.

Petitioners are eleven employees of respondent Miami-Dade County (the "County"). They seek certiorari review of a February 12, 2019 order of the trial

court denying their second renewed motion to lift a stay in their case against the County over a wage dispute. In the alternative, Petitioners seek a writ of mandamus requiring the trial court to dismiss the case below for lack of subject matter jurisdiction so that they may pursue a plenary appeal to this Court. For the reasons stated below, we deny the petition for writ of certiorari and deny the alternate petition for writ of mandamus.

### Factual and Procedural Background

Petitioners are County employees, each of whom the County hired at a rate of pay above "step 1" of their respective job classifications. In March of 2017, the County reduced each of the Petitioners' pay to the equivalent of the other employees in their job classifications. The County took this action because Petitioners' Union, AFSCME Local 199, maintained that the County's hiring of an employee at a rate higher than step 1 violated Article 44 of the Collective Bargaining Agreement (CBA).[1] On June 28, 2017, Petitioners filed suit against the County in Circuit Court, alleging that the County had (i) violated section 448.08 of the Florida Statutes by failing to pay their wages, thus entitling them to an

---

[1] The CBA is the Collective Bargaining Agreement Between Miami-Dade County and American Federation of State, County and Municipal Employees A.F.L.-C.I.O. General Employees, Local 199, effective September 1, 2014 – September 30, 2017. Article 44 provides, in pertinent part, as follows: "For all employees hired into the County Service on or after November 1, 1991, the entrance pay rate for all bargaining unit classifications shall be pay step 1 of the appropriate pay range in the Miami-Dade County Pay Plan."

attorney's fee award; and (ii) breached their respective oral employment contracts by reducing Petitioners' pay.

On January 8, 2018, the County moved to dismiss the case for lack of subject matter jurisdiction, asserting that Petitioners are subject to the grievance procedure of the CBA,[2] and failed to exhaust the remedies prescribed by the CBA. On January 9, 2018, the trial court dismissed the case for lack of subject matter jurisdiction. The next day, Petitioners moved to amend their complaint. In the amended complaint, Petitioners alleged that none of their claims were governed by the CBA.

On January 30, 2018, the trial court granted Petitioners' motion to amend their complaint,[3] but stayed the case pending Petitioners' "submission of evidence that the grievance procedures and arbitration procedure set forth in the Collective Bargaining Agreement have been exhausted." Subsequently, Petitioners filed three

---

[2] Article 8 of the CBA sets forth a grievance procedure to resolve certain employment disputes between the parties. If the internal grievance procedure is completed without satisfaction to the employee, the Union may request arbitration under Article 9 of the CBA. Although our record is not entirely clear, it appears that five of the Petitioners participated in the grievance procedure, but the Union declined to file for arbitration on their behalf.

[3] The trial court's January 9, 2018 dismissal order was a final, appealable order. While not at all clear from the record, it appears, though, that the parties and the trial court treated Petitioners' January 10, 2018 motion seeking leave to amend as a rehearing motion under Florida Rule of Civil Procedure 1.530. Otherwise, we are unaware of how – after its dismissal of the case for lack of subject matter jurisdiction – the trial court could have retained jurisdiction to adjudicate a motion seeking leave to amend a pleading.

3

motions to lift the stay – on February 9, 2018, January 10, 2019, and January 25, 2019 – all of which were denied.

At the March 15, 2018 hearing on the first motion to lift stay, Petitioners advised the trial court that five of the eleven Petitioners had filed with the Florida Public Employees Relations Commission (PERC) an unfair labor practice charge against their Union, AFSCME Local 199. Petitioners further advised the trial court that: (i) PERC dismissed these claims; (ii) the five Petitioners had appealed the dismissal to the First District Court of Appeal; and (iii) on December 14, 2018, the First District had affirmed the PERC dismissals.[4]  The record reveals some confusion about whether the trial court, at this March 15, 2018 hearing, included as a condition for lifting the stay that Petitioners' additional PERC litigation against the County also be administratively exhausted.

Petitioners then filed two renewed motions to lift the stay and, on February 12, 2019, the trial court entered the challenged order, again declining to lift the stay. Petitioners requested, as an alternative, that the trial court simply dismiss the case for lack of subject matter jurisdiction so they can pursue a plenary appeal to this Court. The trial court declined to do so.

---

[4] See, e.g., Armand v. Miami-Dade County, 258 So. 3d 392 (Fla. 1st DCA 2018) (table).

Petitioners now seek to have this Court, by certiorari, quash the trial court's order denying Petitioners' motion to lift the stay; or, in the alternative, require the trial court to dismiss their case again.

**Analysis**

Petitioners maintain they are in legal limbo: the trial court will neither lift the stay nor dismiss the case. After the trial court's January 9, 2018 dismissal order, though, Petitioners were the parties who sought leave to amend their complaint. The trial court allowed the amendment, but only on the condition that Petitioners demonstrate that they had exhausted their administrative remedies. Petitioners accepted this condition. Thus, notwithstanding Petitioners' legal limbo, we are unable to conclude that the trial court, in its refusal to lift the stay, somehow departed from the essential requirements of law. Chessler v. All Am. Semiconductor, Inc., 225 So. 3d 849, 852 (Fla. 3d DCA 2016). While we are not unsympathetic to Petitioners' posture, we deny the petition for writ of certiorari.

We further deny Petitioners' alternate request for mandamus relief. While mandamus is available to compel a lower tribunal to issue a ruling that it has delayed unreasonably, mandamus is not available, as Petitioners seek here, to compel a trial court to make a particular ruling. See Lakeshore Townhomes Condo, Ass'n, Inc. v. Bush, 664 So. 2d 1170, 1170 (Fla. 4th DCA 1995). Indeed, mandamus is available only when a trial court fails to perform a ministerial duty; it

5

is not an appropriate vehicle to compel a trial court to perform a discretionary action. City of Miami v. Vill. of Key Biscayne, 197 So. 3d 580, 583 (Fla. 3d DCA 2016).[5]

Petitions denied.

---

[5] We are puzzled why the parties think extraordinary relief is appropriate in this Court at this stage of the case. Petitioners want the case to be dismissed. In the County's response brief, the County "requests the Court deny the petition and remand with instructions to Trial Court to close Petitioners/Plaintiffs' case against Miami-Dade County." It seems to us that the parties can conclude the case in the lower court without this Court's intervention.