DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

GASTON MONTES,

Appellant,

v.

UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,

Appellee.

No. 2D2023-1200
_____

February 12, 2025

Appeal from the Circuit Court for Hillsborough County; Paul L. Huey, Judge.

Melissa A. Giasi and Erin M. Berger of Giasi Law, P.A., Tampa, for Appellant.

Andrew A. Labbe of Groelle & Salmon, P.A., Tampa; and Joseph A. Matera and Kimberly A. Salmon of Groelle & Salmon, P.A., Tampa, (substituted as counsel of record) for Appellee.

SILBERMAN, Judge.

Gaston Montes appeals the order dismissing his case against Universal Property & Casualty Insurance Company and the order denying his amended motion to disqualify the trial judge. Because the trial judge failed to comply with the requirements set forth in *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), and because the judge's statements at the pretrial hearing would place a reasonably prudent

person in fear of not receiving a fair and impartial trial, we reverse both orders and remand for further proceedings to occur before a different judge.

Montes's property was insured by Universal. In 2016, Montes filed suit against Universal alleging that it had breached the parties' insurance contract by failing to make a coverage determination and failing to pay a covered loss. In 2019, after an unsuccessful mediation, Universal filed its answer and affirmative defenses. In November 2021, the trial judge entered an order establishing various deadlines, including for discovery and witness disclosures, and scheduling a pretrial conference and trial for April 2023.[1]

In December 2022, one week after the deadline to file witness disclosures had expired, Universal filed a motion to strike any future witness and exhibit lists submitted by Montes as untimely and in violation of the judge's earlier order. In February 2023, Universal filed a motion to continue trial stating that both parties were "still in the process of securing further discovery and depositions," including the depositions of Montes's "two named experts." Universal indicated that the requested continuance would not impact other deadlines or run afoul of the order setting the matter for trial. Then, in March 2023, Universal filed a motion for leave to amend its answer and affirmative defenses.

---

[1] In an earlier "Order Mandating Setting of Jury Trial" (the Notification Order), the trial judge notified the parties that "consistent with Amendment 12 to Florida Supreme Court Administrative Order AOSC20-23," the court anticipated entering a Differentiated Case Management Order (DCMO) "unless the case is first set for trial by entry of a trial order within the next ten (10) days." The judge included in the Notification Order the website address that the parties could use to see available trial and hearing dates. The judge then entered the November 2021 order referred to above, titled "Uniform Order Setting Case for Trial and Pretrial (Jury Trial)." Thus, this case does not involve a DCMO.

The following month, just before the pretrial conference was set to begin, Montes filed his expert witness disclosures.

The pretrial hearing occurred as scheduled. The judge commented on how long the case had been pending and remarked that Montes's case "got caught up in all of the Strems mess and everything that went on."[2] Counsel for the parties and the judge discussed the status of discovery and which witnesses may be available for deposition and for trial. When the judge asked about the likelihood of settlement, Montes's counsel indicated that there had been settlement discussions. Universal's counsel suggested that mediation would be helpful to try and reach a settlement even though an earlier mediation had been unsuccessful.

As to Universal's motions for a continuance and for leave to amend its answer and affirmative defenses, the judge remarked that it was "not sure how much [Universal] really wants me to do that" and added that granting the motion for leave to amend would "take the case off the trial docket." When asked what its preference would be, Universal responded that it "would definitely like to move forward" if the judge were to grant its motion to strike Montes's witness and exhibit lists. But instead of striking the lists as Universal requested, the judge dismissed the case noting that the case had been filed in 2016, that it was not ready for

---

[2] Attorney Scot Strems's law firm represented Montes from the inception of the case. Strems was suspended from the practice of law in 2020, but other attorneys at the firm, under a changed firm name, continued to represent Montes in the trial court. In December 2022, Strems was disbarred from the practice of law in Florida. *See Fla. Bar v. Strems*, 357 So. 3d 77, 94 (Fla. 2022). His disbarment was based on findings that Strems grossly mismanaged his law firm, mishandled cases, filed cases with unsupported claims, and submitted false or misleading affidavits in two cases. *Id.* at 82-83.

trial, and that Montes had not complied with the order establishing deadlines and setting the case for trial.

Montes timely moved for rehearing and filed a motion and amended motion to disqualify the judge. In his motion for rehearing, Montes argued that the judge denied him due process, granted relief that Universal had not requested, failed to conduct an evidentiary hearing, and failed to consider the *Kozel* factors before dismissing his case as a sanction. In his amended motion to disqualify, Montes asserted that the trial judge improperly advocated for Universal, made comments reflecting animosity towards the former owner of the law firm representing him and criticizing how that lawyer and the firm handled cases, and denied him due process by dismissing the case when Universal had not requested that relief. Montes maintained that this conduct reflected the judge's prejudice or bias, creating in him and "in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." The judge denied the motion for rehearing without elaboration and denied the amended motion for disqualification stating only that it was legally and procedurally insufficient. On appeal, Montes challenges both orders.

"It is well settled that determining sanctions for discovery violations is committed to the discretion of the trial court, and will not be disturbed upon appeal absent an abuse of the sound exercise of that discretion." *Ham v. Dunmire*, 891 So. 2d 492, 495 (Fla. 2004). Although "sanctions are within a trial court's discretion, it is also well established that dismissing an action for failure to comply with orders compelling discovery is 'the most severe of all sanctions which should be employed only in extreme circumstances.' " *Id.* (quoting *Mercer v. Raine*, 443 So. 2d 944, 946 (Fla. 1983)). A party's failure to comply with a deadline established by a court does not always warrant dismissal. *See Kozel*,

4

629 So. 2d at 817-18 (reversing dismissal where an amended complaint was not filed for over five months past the date established by the trial court and recognizing that dismissal based solely on an attorney's neglect may unduly punish a litigant where a lesser sanction may suffice).

A court abuses its discretion when it dismisses an action based upon violations of discovery orders "where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard." *Ham*, 891 So. 2d at 495; *see also Commonwealth Fed. Sav. & Loan Ass'n v. Tubero*, 569 So. 2d 1271, 1273 (Fla. 1990) (reiterating that when courts impose a sanction of dismissal or default, judges must make "specific findings of fact in support of their rulings"). By requiring that courts make findings of willfulness, "there will be the added assurance that the trial judge has made a conscious determination that the noncompliance was more than mere neglect or inadvertence." *Tubero*, 569 So. 2d at 1273. And in cases where the record may be interpreted in more than one way, "a judge's finding of willfulness can serve to assist the appellate court in reaching its conclusion." *Id.*

When determining whether a dismissal with prejudice is a warranted response to an attorney's behavior, the six factors outlined in *Kozel*, *require* a trial court to consider:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether

5

the delay created significant problems of judicial administration.

*Ham*, 891 So. 2d at 496 (quoting *Kozel*, 629 So. 2d at 818); *see also Ballard v. Bank of Am., N.A.*, 310 So. 3d 999, 1001 (Fla. 2d DCA 2020) ("Where counsel is 'involved in the conduct to be sanctioned, a *Kozel* analysis *is required* before dismissal is used as a sanction.' " (quoting *Chappelle v. S. Fla. Guardianship Program, Inc.*, 169 So. 3d 291, 295 (Fla. 4th DCA 2015))). In conducting its analysis, "the trial court is required to make findings on each *Kozel* factor and to 'set forth explicit findings of fact in the order.' " *Ballard*, 310 So. 3d at 1001 (quoting *Chappelle*, 169 So. 3d at 294-95).

Here, the trial judge failed to make *any* written factual findings, and the record before us does not indicate that the judge considered the *Kozel* factors. Further, as Montes was represented throughout this litigation, it is unclear whether Montes was personally responsible for missing any court deadlines or the delay in the case being ready for trial. Under these circumstances, an evidentiary hearing is necessary to determine facts relevant to a *Kozel* analysis. As a result, we conclude that the trial judge committed reversible error by dismissing the case. We reverse the order of dismissal and remand for an evidentiary hearing and entry of an order with written findings addressing each *Kozel* factor. *See Chesterson Cap., LLC v. Yancy*, 378 So. 3d 1216, 1216-17 (Fla. 2d DCA 2024) (reversing order dismissing a case for discovery violations and repeated failure to comply with court orders and remanding for the trial court to make written findings on the six *Kozel* factors); *Ballard*, 310 So. 3d at 1001 (same); *First Baptist Church of Greater Mia. v. Mia. Baptist Ass'n*, 373 So. 3d 1194, 1198 (Fla. 3d DCA 2023) (same). However, as did the court in *First Baptist*, "[w]e express no opinion on the nature and

6

extent of the alleged misconduct, nor whether such misconduct justifies the ultimate sanction of dismissal with prejudice." 373 So. 3d at 1198.

Turning to Montes's amended motion to disqualify, we review a trial judge's determination on a motion to disqualify de novo. *Law Offs. of Herssein & Herssein, P.A. v. United Servs. Auto. Ass'n*, 271 So. 3d 889, 893 (Fla. 2018) (citing *Parker v. State*, 3 So. 3d 974, 982 (Fla. 2009)). When ruling on a motion to disqualify, a judge "may determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged." Fla. R. Gen. Prac. & Jud. Admin. 2.330(h). If the motion is legally insufficient, the judge shall immediately enter an order denying the motion without providing any other reason for denial and without taking issue with the motion. *Id.* On the other hand, "[i]f the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action." *Id.*

"The standard for determining the legal sufficiency of a motion to disqualify is whether the facts alleged, which must be assumed to be true, 'would place a reasonably prudent person in fear of not receiving a fair and impartial trial.' " *Law Offs. of Herssein & Herssein*, 271 So. 3d at 894 (quoting *MacKenzie v. Super Kids Bargain Store, Inc.*, 565 So. 2d 1332, 1335 (Fla. 1990)); *see also Davis v. State*, 347 So. 3d 315, 322 (Fla. 2022) ("Even if a judge, therefore, is confident that he or she can preside with no bias, the judge must grant a motion to disqualify if a reasonably prudent person could question his or her impartiality."). An adverse ruling is not a legally sufficient basis to disqualify a judge. *See Kazran v. Buchanan*, 158 So. 3d 748, 749-50 (Fla. 2d DCA 2015) (citing cases); *Areizaga v. Spicer*, 841 So. 2d 494, 496 (Fla. 2d DCA 2003). But "a judge should disqualify himself or herself in a proceeding 'in which the judge's impartiality might reasonably be questioned, including but not limited to

7

instances where . . . the judge has a personal bias or prejudice concerning a party or a party's lawyer.' " *Samra v. Bedoyan*, 299 So. 3d 1138, 1140 (Fla. 3d DCA 2020) (emphasis omitted) (quoting *Sands Pointe Ocean Beach Resort Condo. Ass'n v. Aelion*, 251 So. 3d 950, 954 (Fla. 3d DCA 2018)).

We conclude that Montes's amended motion to disqualify was legally and procedurally sufficient and that the trial judge erred by denying it.[3] The judge was required to "review the motion from the litigant's perspective questioning the 'judge's impartiality rather than [from] the judge's [perspective] of his ability to act fairly and impartially.' " *Jimenez v. Ratine*, 954 So. 2d 706, 708 (Fla. 2d DCA 2007) (alterations in original) (quoting *MacKenzie*, 565 So. 2d at 1334).

We recognize that the judge may have been rightly concerned about the fact that the case had been pending since 2016 and that Montes had not timely filed witness disclosures. But the record before us does not indicate that Montes himself caused any delay, and the dismissal of his case appears to have been done as a means of punishing Montes for his attorneys' actions or inactions by imposing a more severe sanction than the one Universal requested. Further, the judge's remarks at the pretrial hearing could reasonably be viewed as disparaging Montes's attorneys and the law firm representing him and as advocating on Universal's behalf. Those remarks would lead a reasonably prudent person in Montes's position to question the judge's impartiality and to fear that he would not receive a fair and impartial trial. *See MacKenzie*, 565 So. 2d at

---

[3] Rule 2.330 sets forth the procedural and substantive requirements for a motion to disqualify. Our opinion focuses on whether the motion met the substantive requirements of that rule. But we also note that the record does not reveal any failure to meet the procedural requirements of rule 2.330.

1334; *Samra*, 299 So. 3d at 1140. Thus, we reverse the order denying Montes's amended motion to disqualify the trial judge.

In summary, we reverse the orders dismissing the case and denying Montes's amended motion for disqualification. On remand, the case shall be reassigned to another judge for further proceedings.

Reversed and remanded.

LaROSE and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.